UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

In re:

MARTIN HOWSER,

        Appellant,

   v.

UNITED STATES TRUSTEE,

        Appellee.

No. CV-09-0228-FVS

ORDER GRANTING UNITED STATES TRUSTEE'S MOTION TO DISMISS

**THIS MATTER** comes before the Court on appeal from the United States Bankruptcy Court for the Eastern District of Washington. Martin Howser appeals an order from the Bankruptcy Court denying employment of counsel in his ch. 11 bankruptcy proceeding. (Ct. Rec. 7 at 2). Currently before the Court is the U.S. Trustee's motion to dismiss this appeal for lack of jurisdiction. Mr. Howser is represented by John Bury and Timothy Fischer. The U.S. Trustee is represented by Gary W. Dyer.

**BACKGROUND**

On April 29, 2009, Mr. Howser filed a voluntary ch. 11 bankruptcy petition in Bankruptcy Court for the Eastern District of Washington. (Ct. Rec. 9). On May 5, 2009, he filed an application for approval of Timothy Fischer as his attorney. (Ct. Rec. 9). The Bankruptcy Court initially granted the application on June 3, 2009. (Ct. Rec. 9). On June 9, 2009, the U.S. Trustee ("Trustee") moved for reconsideration

ORDER GRANTING U.S. TRUSTEE'S MOTION TO DISMISS - 1

of the employment because Fischer's firm failed to disclose its representation of Mr. Howser's wife in a state court case. (Ct. Rec. 9). On July 20, 2009, the Bankruptcy Court entered an order granting the Trustee's motion to reconsider and denying the employment of Mr. Fischer due to the conflict of interest. (Ct. Rec. 7).

On July 27, 2009, Mr. Howser filed a notice of appeal in this Court, seeking reversal of the bankruptcy judge's order granting the Trustee's motion to reconsider and denying the employment of Mr. Fischer as counsel. (Ct. Rec. 1). On July 29, Mr. Howser moved in Bankruptcy Court to convert his ch. 11 reorganization to ch. 7 liquidation. (Ct. Rec. 7). Mr. Howser's motion to convert was granted the same day. (Ct. Rec. 7). Mr. Howser then filed a motion to voluntarily dismiss his ch. 7 proceeding on November 3, 2009, which was granted by the Bankruptcy Court. (Ct. Rec. 9). Currently, Mr. Howser is not involved in any active bankruptcy proceeding.

On October 13, 2009, the Trustee filed this notice of motion and motion to dismiss Mr. Howser's appeal. (Ct. Rec. 6). The Trustee's argument for dismissal is two-fold. First, since the ch. 11 case was voluntarily converted to ch. 7, any appeal from an order entered in the ch. 11 proceeding is moot. (Ct. Rec. 6). Second, the Trustee argues that an order denying employment is interlocutory, and that this Court lacks jurisdiction under 28 U.S.C. § 158(a)(1) to review an order that is not "final and appealable." (Ct. Rec. 6). Mr. Howser's opposition is grounded in an alleged consolidation of this appeal with an appeal from an order denying his attorney compensation, arguing that this "cures" the jurisdictional defect. (Ct. Rec. 9 at 4).

**DISCUSSION**

**A.    The Mootness Doctrine**

The jurisdiction of federal courts is limited to actual "cases and controversies." U.S. Const. art. III, § 2, cl. 2. Generally, an "actual controversy" must exist at every stage of appellate or certiorari review. *Pub. Utils. Comm'n of California v. Fed. Energy Reg. Comm'n*, 100 F.3d 1451, 1458 (9th Cir. 1996) (internal quotation marks omitted). Due to this limitation, federal courts have no authority to decide a "moot" case. *Iron Arrow Honor Society v. Heckler,* 464 U.S. 67, 70 (1983). "[A] case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Pub. Utils. Comm'n*, 100 F.3d at 1458. If the court is unable to grant adequate relief, it lacks jurisdiction, and the case must be dismissed. *Id.* There are, however, four exceptions that will allow a federal court to assert jurisdiction over a moot case. *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005). These exceptions are: (1) collateral legal consequences, (2) wrongs capable of petition yet evading review, (3) voluntary cessation by the defendant, and (4) class actions where the named party ceases to represent the class. *Id.* Mr. Howser does not allege that any of these exceptions apply, nor does this Court find them applicable in this case.[1] The Bankruptcy Code, which provides the statutory scheme

---

[1] This case does not involve a class action, nor does it involve voluntary cessation of allegedly illegal conduct. *In re Burrell,* 415 F.3d at 998. Also, the exception for "collateral legal consequences" is inapplicable. Mr. Howser is not suffering any legal consequences caused by the bankruptcy court's order since he has dismissed his bankruptcy petition in its entirety.

ORDER GRANTING U.S. TRUSTEE'S MOTION TO DISMISS - 3

governing this appeal, is the proper starting point for determining whether this appeal is moot.

1.  The Bankruptcy Code and employment of counsel

Under ch. 11 of the Bankruptcy Code, a debtor-in-possession ("DIP") retains control of the bankruptcy estate, and must manage it for the benefit of the estate and the estate's creditors. *See In re Smartworld Technologies, LLC*, 423 F.3d 166, 175 (2nd Cir. 2005). A DIP occupies the same role as a bankruptcy trustee, and is entitled to all the rights, powers, and duties of a trustee. 11 U.S.C. § 1107(a) (2006). As trustee, a DIP may, with court approval, hire an attorney to assist in carrying out the statutory duties of a trustee. *Id.* § 327(a). However, the attorney must not hold interests adverse to the estate, and must be "disinterested." *Id.* While § 327(a) does not expressly mention a DIP, it is applicable because of § 1107, which places the DIP in the role of trustee. If the bankruptcy court finds that the attorney fails to meet the requirements of § 327(a), it must deny the application for employment. 11 U.S.C. § 327(a).

Conversely, under a ch. 7 petition for liquidation, the debtor does not retain possession or control of the estate, and does not assume the role of trustee. 11 U.S.C. §§ 541, 704. The ch. 7 debtor can also retain counsel, but is not subject to approval by the court, nor is the bankruptcy estate required to pay the ch. 7 debtor's attorney's fees. 11 U.S.C. § 327(a) (limited by its terms to counsel employed by a "trustee"); *Lamie v. U.S. Trustee*, 540 U.S. 526, 538-39

---

*See Pub. Utils. Comm'n*, 100 F.3d at 1460. And finally, this case does not involve a short lived injury that is "capable of repetition, yet evade[s] review." *Id.*

ORDER GRANTING U.S. TRUSTEE'S MOTION TO DISMISS - 4

(2004) (holding that in order for an attorney to receive compensation from estate funds, the attorney must be employed pursuant to § 327(a)).

    2.  <u>Conversion from ch. 11 to ch. 7</u>

The Bankruptcy Code allows a ch. 11 debtor to voluntarily convert his or her case to ch. 7. 11 U.S.C. § 1112(a) (2006). Lower federal courts have held that once conversion occurs, the original proceeding is terminated, as are all pending appeals from the original case. *See, e.g.*, *In re Sasso*, 409 B.R. 251, 255 (1st Cir. B.A.P. 2009); *In re J.B. Lovell Corp.*, 876 F.2d 96, 99 (11th Cir. 1989) (holding that a voluntary conversion from ch. 7 to ch. 11 "obviates the need for further litigation of issues unique to Chapter 7."); *In re Roller*, 999 F.2d 346, 347 (8th Cir. 1993). The Ninth Circuit also follows this approach, holding that an appeal from a terminated ch. 11 case must be dismissed as moot when the debtor converts to ch. 7 and closes the estate prior to appellate court review. *In re Cook*, 730 F.2d 1324, 1326 (9th Cir. 1984). The Ninth Circuit's holding in *Cook* guides the resolution of this case.

Presently, Mr. Howser appeals an order entered by the Bankruptcy Court in a now-defunct ch. 11 proceeding. (Ct. Rec. 7). Also, he has since dismissed his ch. 7 case in its entirety. (Ct. Rec. 9 at 3). This conversion and subsequent dismissal rendered any appeal from the ch. 11 case moot. *See In re Cook*, 730 F.2d at 1326. Also, this Court is without jurisdiction because it cannot grant Mr. Howser adequate relief. *Pub. Utils. Comm'n of California v. Fed. Energy Reg. Comm'n*, 100 F.3d 1451, 1458 (9th Cir. 1996). In the case at bar, the order that is being appealed was entered in the ch. 11 case, which requires the

Bankruptcy Court to approve the employment of an attorney hired to assist the trustee (or DIP).  11 U.S.C. § 327(a).  However, under ch. 7, the debtor is not required to seek court approval of counsel, nor is the estate responsible for paying the attorney's fees.  11 U.S.C. § 327(a) (limited by its terms to a "trustees" employment of counsel). When Mr. Howser voluntarily converted his case to ch. 7, it removed this Court's ability to grant him effective relief in his ch. 11 case because he no longer needs court approval before hiring an attorney. *See In re Cook,* 730 F.2d at 1326.  The record also indicates that there is no current bankruptcy proceeding: Mr. Howser has voluntarily dismissed his ch. 7 petition.  (Ct. Rec. 9).  Once the estate is closed, whether by discharge under another chapter or voluntarily, the possibility of granting adequate relief is foreclosed.  *See In re Cook,* 730 F.2d at 1326.  Consequently, under Ninth Circuit case law, this Court has no jurisdiction over this moot appeal.

**B.    Interlocutory Appeals**

Even if the Court concluded that this appeal was not moot, it would still dismiss this appeal as interlocutory.  The Trustee's argument that an order denying employment of counsel is interlocutory, therefore depriving this Court of jurisdiction, is persuasive and well-founded.  The Trustee relies on 28 U.S.C. § 158(a)(1), which states that the district courts "shall" have jurisdiction to hear appeals that are "from final judgments, orders and decrees."  (Ct. Rec. 6).  The Trustee further argues that the provisions of § 158(a)(3), which allows discretionary review of interlocutory orders, is inapplicable in this case because Mr. Howser did not seek the required leave of the Court.

(Ct. Rec. 6). The Trustee acknowledges that while Federal Rule of Bankruptcy Procedure 8003(c) allows this Court to construe Mr. Howser's notice of appeal as a motion for leave to appeal, it should not exercise discretionary review in this case. (Ct. Rec. 6). The Court agrees.

1. <u>Procedure for Appealing a Bankruptcy Court order</u>

Section 158(a) of title 28 gives district courts appellate jurisdiction over "final judgments, orders, and decrees" entered by a bankruptcy court. 28 U.S.C. § 158(a)(1). If the appellant is appealing an interlocutory order of the bankruptcy court, the appellant must seek leave from the district court prior to filing a motion to appeal an interlocutory order. 28 U.S.C. § 158(a)(3); Fed. R. Bankr. P. 8001(b). If the appellant does not seek the required leave, the district court may, in its discretion, construe the notice of appeal as the motion for leave to appeal. Fed. R. Bankr. P. 8003(c).

In the present case, Mr. Howser timely filed a notice of appeal with this Court on July 24, 2009. (Ct. Rec. 9). However, he did not file a motion for leave to appeal the interlocutory order, as required under § 158(a)(3). Thus, if the order denying employment is interlocutory, the Court is without jurisdiction, unless it views the notice as a motion for leave. This requires a determination of whether the order on appeal is interlocutory.

2. <u>Orders Denying Employment Under 11 U.S.C. § 327(a) are Interlocutory</u>.

Under Ninth Circuit case law, an order denying employment of counsel in a bankruptcy case is interlocutory. *See In re SS Retail Stores Corp.*, 162 F.3d 1230, 1232 (9th Cir. 1998) (citing *In re Westwood*

ORDER GRANTING U.S. TRUSTEE'S MOTION TO DISMISS - 7

*Shake & Shingle, Inc.*, 971 F.2d 387, 389 (9th Cir. 1992)). These cases addressed the Ninth Circuit's jurisdiction over a district court's affirmance of bankruptcy court orders approving appointment of counsel. In *Westwood Shake,* the Ninth Circuit held that in order for it to have jurisdiction, the district court must have had jurisdiction as well. 971 F.2d at 389. The Ninth Circuit recognized that even under the "flexible" standard for bankruptcy appeals, courts have consistently held that an order denying or granting employment is interlocutory. *Id.* Since the bankruptcy court order was interlocutory, the district court order affirming it was as well, and the Ninth Circuit dismissed the appeal. *Id.* at 391. This approach is also followed in other circuits. *See In re Devlieg, Inc.*, 56 F.3d 32, 34 (7th Cir. 1995); *see also In re Continental Investment Corp.,* 637 F.2d 1, 4 (1st Cir. 1980) (finding that order denying motion to disqualify counsel in bankruptcy case was not final). Thus, because the order denying employment is interlocutory, Mr. Howser has no right to appeal. His only possible relief is discretionary review under § 158(a)(3).

    3. <u>The issue presented in this case does not meet the standard for granting review of interlocutory orders.</u>

Because neither the Bankruptcy Rules nor § 158(a)(3) provide a standard for a district court to apply when allowing interlocutory appeals, many district courts use the standard governing interlocutory appeals from district courts to circuit courts. *In re Zech,* 185 B.R. 334, 336-37 (D. Neb. 1995). This standard requires a determination of (1) whether the issue involves a controlling issue of law, (2) whether there is substantial ground for difference of opinion on that issue of law, and (3) whether an immediate appeal will materially advance the

ORDER GRANTING U.S. TRUSTEE'S MOTION TO DISMISS - 8

ultimate termination of the litigation.  *Id.;* 28 U.S.C. § 1292(b) (2006).  Granting leave to file interlocutory appeals is the exception, not the rule, and should only be granted in extraordinary circumstances.  *In re Zech,* 185 B.R. at 337.  "Indeed, because interlocutory appeals interfere with the cumulative goal of the bankruptcy system . . . they are not favored."  *Id.* (citing *In re Kroh Bros. Dev. Co.*, 101 B.R. 1000, 1007 (W.D. Mo. 1989).

In this case, there is no "substantial ground for difference of opinion" because the Bankruptcy Court merely applied the express terms of the statute.  11 U.S.C. § 327(a).  The Bankruptcy Court is mandated to deny employment of counsel that is not disinterested.  *Id.*  There is no room for differing opinions on this issue.  Also, extraordinary circumstances do not exist in this case that warrant review of this interlocutory order.  Finally, granting review of this appeal will not benefit the expeditious termination of this litigation because it has already been terminated.  Mr. Howser's appeal is interlocutory, and discretionary review of the order is inappropriate.  Accordingly, even if the Court found that this appeal was not moot, the Court would still dismiss Mr. Howser's appeal for lack of jurisdiction over an interlocutory appeal.

**C.  Consolidation of Appeals Argument**

Mr. Howser attempts to avoid the dismissal of his appeal by arguing that he has consolidated this appeal ("First Appeal"), with another appeal from an order denying compensation to his lawyers ("Second Appeal"), which is "final and appealable."  (Ct. Rec. 9).  Mr. Howser argues that this removes any jurisdictional defect in the

First Appeal. He states in his response brief that he has filed a Motion to Consolidate Appeals. (Ct. Rec. 9). The Record does not show that this motion has been filed, nor does Mr. Howser's argument persuade the Court.

     Mr. Howser relies solely on one case from the Eleventh Circuit as support for his contention that consolidating appeals makes the jurisdictional question in the First Appeal moot. (Ct. Rec. 9). That case, *Nicholson v. Shafe,* dealt with simultaneous proceedings in both state and federal court. 558 F.3d 1266, 1268 (11th Cir. 2009). On March 25, 2008, a federal district court ordered the appellants to pay an undetermined amount of attorney's fees. *Id.* at 1270. The next day, the appellants appealed to the Eleventh Circuit. *Id.* The Eleventh Circuit questioned its jurisdiction based on whether the order awarding unspecified fees was "final and appealable." *Id.* On May 14, 2008, the district court quantified the amount of attorney's fees. *Id.* The appellants then filed another notice of appeal as to that final order. *Id.* The appellants also filed a motion to consolidate the two appeals. *Id.* The Eleventh Circuit held that because the appellants appealed the final order of fees, and consolidated it with the appeal of the first order, any jurisdictional question regarding the first appeal was "moot." *Id.* This was because the Eleventh Circuit's question regarding the propriety of reviewing an order of unspecified fees was mooted when the district court quantified the fees. *See id.*

     The holding in *Nicholson* does not benefit Mr. Howser because in that case, the two appeals addressed the same issue (amount of attorney's fees). Here, they do not. One appeal addresses the

ORDER GRANTING U.S. TRUSTEE'S MOTION TO DISMISS - 10

Bankruptcy Court's denial of employment, while the other addresses its denial of fees.  Also, *Nicholson* does not stand for the proposition that consolidation of appeals can remedy any jurisdictional defect.  It merely states that once the fees were quantified, the jurisdictional question regarding the review of an unspecified fee award was moot.  *Id.*  Also, consolidating appeals does not create Article III jurisdiction when the entire case is moot due to voluntary dismissal.  As stated earlier, a federal court only has jurisdiction over "cases and controversies."  U.S. Const. art. III, § 2, cl. 2.  As Mr. Howser has dismissed his bankruptcy proceeding, there is no case or controversy, and this Court cannot grant Mr. Howser adequate relief.  This case is moot, and the consolidation of appeals, whether it occurs or not, will not revive the issues and confer jurisdiction on this Court.

**CONCLUSION**

The Court, being fully advised, **HEREBY ORDERS** the U.S. Trustee's Motion to Dismiss Appeal (**Ct. Rec. 6**) is **GRANTED**.  This action is **dismissed with prejudice**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order, provide copies to counsel, **enter judgment in favor of Appellee** and **CLOSE THE FILE**.

**DATED** this ___17th___ day of February, 2010.

                          S/Fred Van Sickle
                          Fred Van Sickle
                 Senior United States District Judge

ORDER GRANTING U.S. TRUSTEE'S MOTION TO DISMISS - 11